IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Donna LABEAU, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. L-06-1153 |
| | : | |
| | : | |
| MOTOR VEHICLE ADMINISTRATION, | : | |
|     Defendant. | | |

**MEMORANDUM**

Now pending are the Motions to Dismiss filed by Defendant Motor Vehicle Administration of Maryland ("MVA"), and the motions filed by Ms. LaBeau. Because the issues have been adequately briefed, no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). As is explained herein, the Court will, in a separate Order:

> (1) GRANT in PART and DENY in PART MVA's Motion to Dismiss.
> (2) DENY MVA's Second Motion to Dismiss.
> (3) DENY LaBeau's Motion to Appoint Counsel.
> (4) DENY LaBeau's Other Motions.

**I.    Background**:

On December 15, 1999, pro se plaintiff Donna LaBeau ("LaBeau") began her career with the MVA.[1] On September 10, 2002, LaBeau filed suit against the Administration, alleging discrimination on the basis of religion and disability. See LaBeau v. Motor Vehicle Administration, L-02-2986. She remained employed with the MVA. On June 13, 2003, this Court dismissed L-02-2986 for failure to state a claim. Two years later, on June 22, 2005, the MVA promoted LaBeau.[2]

---

[1] Because LaBeau is a pro se litigant, the Court has construed her complaint broadly. See Haines v. Kerner 404 U.S. 519, 520 (1972).

[2] LaBeau leaves vague the circumstances of her promotion.

On July 15, 2005, LaBeau was indefinitely suspended without pay, pending a formal termination proceeding.[3] On November 15, 2005, LaBeau filed a charge of discrimination with the Baltimore field office of the EEOC. She was terminated on December 2, 2005. On March 30, 2006, the EEOC concluded its investigation without a finding of discrimination.

On May 8, 2006 LaBeau filed this suit. She has not divided her complaint into separate counts, but reading her complaint liberally, she apparently advances the following claims:

(1) Violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

(2) Violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq., including:
    (i) Retaliation (for her having filed the 2002 suit).
    (ii) Sexual Harassment (hostile work environment).

(3) State law claims, including:
    (i)   Wrongful discharge.
    (ii)  Defamation.
    (iii) Negligence.
    (iv)  Retaliation, in violation of Maryland Vehicle Law TR § 2-103.4(5)(i)-(iii).

On June 13, 2006, the MVA moved to dismiss all the federal claims under Rule 12(b)(6). On July 20, 2006, it moved to dismiss the state law claims, arguing that it is entitled to sovereign immunity, and that LaBeau failed to comply with the Maryland Torts Claim Act ("MTCA"), Md. Code. Ann. § 12-101, et. seq. LaBeau opposed both motions.

**II.**  **Analysis:**

    **A.**  **Standard:**

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S.

---

[3] LaBeau was suspended for insubordination.

41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim.  In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).  In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

      B.      **LaBeau Fails to State an ADA Claim**:

The ADA prohibits an employer from discriminating against a qualified, disabled individual because of the individual's disability.  42 U.S.C. § 12112(a).  The Act defines a "disability" as a physical or mental impairment that substantially limits one or more major life activities.  42 U.S.C. § 12102(2).  Although LaBeau alleges that she is diabetic, she does not allege that her diabetes substantially limits her in any fashion.  Nor does she allege that the MVA discriminated against her because of her condition.  Id. at § 12112(a).  She only states that "MVA harassment was additionally stressful to [her] medical condition."  This allegation is insufficient to state a claim of disability discrimination.  Accordingly, the Court will grant MVA's motion in that respect.

      C.      **Title VII Claims**

           1.      **LaBeau States a Sexual Harassment Claim:**

In her complaint, its attachments, and her brief, LaBeau repeatedly references "harassment" and "hostile work environment."  Her papers offer few facts in support of her claims, however.  She does allege that a female supervisor once made what LaBeau interprets as an unwelcome sexual advance.  She also contends generally that her workplace was difficult and

3

uncomfortable. The Court also recognizes that LaBeau is proceeding pro se and has not had a comprehensive opportunity to develop her claim through discovery. The MVA will have a full opportunity to test the viability of her claim at the summary judgment stage. Accordingly, the Court will deny MVA's motion with respect to the sexual harassment claim.

### 2.    **LaBeau States a Retaliation Claim**:

To establish a retaliation claim, LaBeau must allege that: (i) she engaged in a protected activity, (ii) the MVA took an adversely employment action against her, and (iii) the two events are causally connected. Albero v. City of Salisbury, 422 F. Supp. 2d 549, 559-60 (D. Md. 2006) (quoting Honor v. Booz Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004)). LaBeau must allege facts for each element of her claim. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

LaBeau contends that she was suspended and then terminated in retaliation for filing the 2002 suit.[4] MVA argues that the claim must be dismissed because, inter alia, too much time passed between the events to reasonably infer a connection.[5] It emphasizes that a gap of more than two and a half years stretches between Labeau's first suit (September 10, 2002) and her suspension (July 15, 2005).

---

[4]    LaBeau satisfies the first two elements. Filing a suit is protected activity under Title VII. 42 U.S.C. 2000e-3(a); McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991). Indefinite suspension and termination constitutes adverse employment actions. See, e.g., Hartsell v. Duplex Products, Inc., 123 F.3d 766, 775 (4th Cir. 1997).

[5]    The MVA also argues that because LaBeau failed to discuss her suspension and termination in her EEOC charge, she failed to exhaust her administrative remedies. Without describing those incidents, however, LaBeau does once characterize the suspension as retaliatory, and raises the legal claim of retaliation throughout. Accordingly, LaBeau's retaliation claim is "reasonably related" to her EEOC charge, and the Court may properly consider her claim. Smith v. First Union Nat'l Bank, 208 F.3d 234, 248 (4th Cir. 2000).

Two and a half years is indeed a long period of time.  <u>See, e.g.</u>, <u>Causey v. Balog</u>, 162 F.3d 795, 803 (4th Cir. 1998) (absent other evidence of retaliation, thirteen month interval between EEOC charge and termination too long to state prima facie case).  Length of time, however, is not dispositive, particularly when LaBeau has alleged other instances of purported retaliation.[6]  The claim will proceed to discovery.  The MVA will have an opportunity to test it at the summary judgment stage.  Accordingly, the Court will deny MVA's motion with respect to the Title VII retaliation claim.

  **D.** **<u>State Law Claims</u>**:

Because LaBeau's state law claims are factually related to her federal claims, the Court will also deny MVA's Second Motion to Dismiss.  The parties may take discovery related to the state claims within the limits that the Court will set at the February 22, 2007 hearing.  All of the MVA's defenses are preserved.

  **E.** **<u>Other Motions</u>**:

    **1.** **<u>LaBeau's Motion to Appoint Counsel</u>**:

The only remaining motion meriting discussion is LaBeau's motion to appoint counsel, which the Court will deny.  LaBeau has demonstrated an ability to articulate her claims and to understand the contentions made by defense counsel.  Following the practice of this District, the Court will reconsider appointing counsel for her after it has decided the summary judgment motions.  If this case advances to trial, the Court will consider appointing LaBeau counsel should

---

[6] Among other things, LaBeau contends that the MVA retaliated against her by (i) "freezing" her application for promotion in November 2002, (ii) obstructing her re-application in May 2003, and (iii) downgrading her performance evaluations "over the years" from "best qualified" to "qualified."

she be unable to find her own.

### 2. **LaBeau's Remaining Motions**:

The Court will deny LaBeau's other motions as either premature or frivolous.[7]

## III. Discovery

At 10:00 a.m. on February 22, 2007, the Court will hold a hearing to set the schedule and parameters of discovery. In a pro se case, discovery usually begins with the defendant taking the plaintiff's deposition. The plaintiff, in her own words, can then describe her claims and identify relevant witnesses.

Prior to her deposition, Ms. LaBeau must produce to defense counsel copies of the following:

      (i)   Documents she has submitted to the EEOC regarding her claims.
      (ii)  Letters or statements she has written regarding her work.
      (iii) Documents that describe or support her claims.

If LaBeau contends that the discrimination has caused her bodily or mental injury, she must also produce copies of all supporting medical records.

Before the MVA takes Ms. LaBeau's deposition, defense counsel must produce to her copies of the following:

      (i)   Her personnel file.
      (ii)  Internal evaluations of Ms. LaBeau's performance.
      (iii) Documents that the MVA submitted to the EEOC in regard to Ms. LaBeau's

---

[7] These motions are the following: Motion to Have This Case Heard by Means of a Preliminary Settlement Conference and for Subpoena for Circuit Court Documents (Docket No. 15), Motion for Subpoena of EEOC and State Tort Claim Documents (Docket No. 16), Motion for Entry of Default for Want of Answer or Other Defense (Docket No. 25), Motion to Regard Plaintiff's Second Request for Re-Issue of Summons to Nancy K. Kopp, Treasurer, as Superfluous (Docket No. 27), Motion to Find Kay Senator Guilty of Perjury (Docket No. 29), and Second Motion for Entry of Default (Docket No. 31).

claims.

(iv) Documents connected to her suspension and termination.

After she has been deposed, Ms. LaBeau will have the opportunity to depose the MVA. The MVA must designate as its corporate representative a person knowledgeable about LaBeau's work performance and the reasons for her suspension and termination.

The February 22nd hearing will consider other discovery and a briefing schedule for summary judgment motions.

## IV.   Conclusion

For the reasons stated, and by separate order, the Court GRANTS in PART and DENIES in PART MVA's Motion to DISMISS, and DENIES all other pending motions.

Dated this 7th day of February 2007.

/s/
_____
Benson Everett Legg
Chief Judge

7